The Honorable S. Sue Shear Representative, District 83 State Capitol Building, Room 302B Jefferson City, Missouri 65101
Dear Representative Shear:
This opinion letter is in response to your question asking:
 Whether the term "improvement" as used in the Neighborhood Improvement District Act (§§ 67.453-75, RSMo, 1991 Supp.) includes work on private streets in residential subdivisions located within a designated neighborhood improvement district.
Along with your question, you state:
 Certain communities wish to use the special assessments and general obligation bonds provided for by the Neighborhood Improvement District Act to finance improvements to residential subdivision streets. Although accessible to members of the public, these streets have not been accepted as public streets and are not dedicated to public use. I would like to know whether a city may finance work on private subdivision streets pursuant to the Neighborhood Improvement District Act.
Section 67.455, RSMo Supp. 1992, authorizes the governing body of a city or county to make improvements within a neighborhood improvement district pursuant to Sections 67.453 to67.475, RSMo Supp. 1992. Section 67.455 provides:
 67.455. Neighborhood improvements — bonds, special assessments. — As a complete alternative to all other methods provided by law or charter, the governing body of any city or county may make, or cause to be made, improvements which confer a benefit upon property within a neighborhood improvement district pursuant to sections 67.453 to 67.475. The governing body of such city or county may incur indebtedness and issue temporary notes and general obligation bonds of such city or county pursuant to sections 67.453 to 67.475 to pay for all or part of the cost of such improvements. An improvement may be combined with one or more other improvements for the purpose of issuing a single series of general obligation bonds to pay all or part of the cost of such improvements, but separate funds or accounts shall be established within the records of the city or county for each improvement. . . . Such city or county shall assess special assessments on the property deemed by the governing body to be benefited by each such improvement pursuant to section 67.457. The city or county shall use the moneys collected from such special assessments to reimburse the city or county for all amounts paid or to be paid by it as principal of and interest on its general obligation bonds issued for such improvements.
Section 67.453 provides the following definitions:
 67.453. Neighborhood improvement districts — definitions. — Sections 67.453
to 67.475 are known and may be cited as the "Neighborhood Improvement District Act", and the following words and terms, as used in sections 67.453 to 67.475 mean:
* * *
 (4) "Improve", to construct, reconstruct, maintain, restore, replace, renew, repair, install, equip, extend, or to otherwise perform any work which will provide a new public facility or enhance, extend or restore the value or utility of an existing public facility;
 (5) "Improvement", any one or more public facilities or improvements which confer a benefit on property within a definable area and may include or consist of a reimprovement of a prior improvement. Improvements include, but are not limited to, the following activities:
 (a) To acquire property or interests in property when necessary or desirable for any purpose authorized by sections 67.453
to 67.475;
 (b) To open, widen, extend and otherwise to improve streets, paving and other surfacing, gutters, curbs, sidewalks, crosswalks, driveway entrances and structures, drainage works incidental thereto, and service connections from sewer, water, gas and other utility mains, conduits or pipes;
 (c) To improve main and lateral storm water drains and sanitary sewer systems, and appurtenances thereto;
 (d) To improve street lights and street lighting systems;
(e) To improve waterworks systems;
 (f) To improve parks, playgrounds and recreational facilities;
 (g) To improve any street or other facility by landscaping, planting of trees, shrubs, and other plants;
 (h) To improve dikes, levees and other flood control works, gates, lift stations, bridges and streets appurtenant thereto;
 (i) To improve vehicle and pedestrian bridges, overpasses and tunnels;
 (j) To improve retaining walls and area walls on public ways or land abutting thereon;
 (k) To improve property for off-street parking facilities including construction and equipment of buildings thereon; and
 (l) To acquire or improve any other public facilities or improvements deemed necessary by the governing body of the city or county;
 (6) "Neighborhood improvement district", an area of a city or county with defined limits and boundaries which is created by vote or by petition under sections 67.453 to 67.475 and which is benefited by an improvement and subject to special assessments against the real property therein for the cost of the improvement. [Emphasis added.]
Section 67.457, RSMo Supp. 1992, provides two methods for the establishment of a neighborhood improvement district. A district may be established by the governing body of a city or county "when a proper petition has been signed by the owners of record of at least two-thirds by area of all real property located within such proposed district." Section 67.457.3. Alternatively, a district may be established if the governing body of a city or county submits the question of creating such district to all qualified voters residing within such proposed district at a general or special election. Section 67.457.2.
 . . . The ballot upon which the question of creating a neighborhood improvement district is submitted to the qualified voters residing within the proposed district shall contain a question in substantially the following form:
 Shall __________ (name of city or county) be authorized to create a neighborhood improvement district proposed for the __________ (project name for the proposed improvement) and incur indebtedness and issue general obligation bonds to pay for all or part of the cost of public improvements within such district, the cost of all indebtedness so incurred to be assessed by the governing body of the __________ (city or county) on the property benefited by such improvements? [Emphasis added.]
The streets about which you are concerned are located in a neighborhood improvement district but have not been dedicated to the city. However, the streets are regularly used by the public and, under the facts presented, the owners of the streets have in effect given the public a license to travel on the streets. In considering the ability of a city to regulate traffic on streets similar to that about which you are concerned, the court in Nowotny v. Ryan, 534 S.W.2d 559 (Mo.App. 1976) stated:
 . . . Lastly, the ordinance's labeling of the two streets as "de facto public streets" is a correct assessment of the streets' dual nature. The two roads are privately owned and maintained, but the owners of the streets have apparently given the public a license to travel on the two streets. The courts of this state have held in similar circumstances that a city, in the exercise of its police powers, may regulate the use of motor vehicles upon all streets which are rightfully used by the public within its municipal boundaries, regardless of their legal status. It is the public uses to which a street is put that gives rise to the city's right and duty to regulate the flow of traffic upon it. City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935 [11-13] (1942).
Nowotny v. Ryan, supra, 534 S.W.2d at 562-563. Just as the city can regulate traffic on such streets, we conclude the streets can be improved using the procedures set forth in the Neighborhood Improvement District Act.
Such conclusion is consistent with the apparent intent of the legislature in enacting the Neighborhood Improvement District Act. Section 67.453(5)(b) expressly includes "improve streets," and Section 67.453(5)(g) refers to improving "any street or other facility by landscaping. . . ." Improvements to streets used by the public, even though such streets are not dedicated to the city, provide a benefit in the neighborhood improvement district.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General